UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Madison Dube,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NPG Music Publishing, LLC, NPG Records, Inc., Paisley Park Enterprises, Inc., P Park Management, LLC & The Estate of Prince Rogers Nelson, By Its Personal Representative, Comerica Bank and Trust, N.A.,<br><br>　　　　Defendants. | Court File No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Madison Dube ("Ms. Dube" or "Plaintiff"), by and through undersigned counsel, hereby brings this action for a declaratory judgment, injunctive relief and damages for copyright violations by Defendants NPG Music Publishing, LLC, NPG Records, Inc., Paisley Park Enterprises, Inc., P Park Management, LLC, and the Estate of Prince Rogers Nelson, by its Personal Representative, Comerica Bank and Trust, N.A. (collectively "Defendants"). In support of her claims, Plaintiff alleges as follows:

## **INTRODUCTION**

1.　Plaintiff, Madison Dube is a gifted photographer and artist whose work, in 2013, caught the attention of one of the most talented musicians and entertainers of our time, Prince Rogers Nelson, more commonly referred to as "Prince."

2. From 2013 - 2016, Prince became a mentor and friend to Ms. Dube. He also hired her on many occasions during that time to provide freelance work, including photography, graphic design, film/videography, voice and other creative. Ms. Dube never assigned her copyright in her works to Prince, nor did he ever require or ask that of her. Throughout his life, Prince maintained a strong edict that an artist should retain control over his or her artistry. Placement and use of Ms. Dube's work by Prince was selective and determined through collaboration, consultation and authorization from Ms. Dube. Moreover, Prince was an unmatched artistic genius and visionary, and Ms. Dube trusted and respected his ideas as to how her work should be utilized in connection with his music and the music of artists whom he was personally developing.

3. Since Prince's passing in April, 2016, Defendants appear to have prioritized corporate interests over artists' rights, in direct contravention of Prince's well-known principles and legacy. Ms. Dube's photography has been used, without her authorization, by Defendants in advertising, merchandising, and promotion including, among other items, promotion of posthumous CD and digital releases of Prince's music.

4. Ms. Dube now brings this action to assert her rights guaranteed under the Copyright Act and to preserve the integrity of her work, currently being commercialized by Defendants and used for mass-marketing, mass-produced sales

and advertising, without her consent and contrary to the intent behind the creation of those works. Defendants, through their unauthorized uses, have substantially diminished the value of her work. Defendants are liable for copyright infringement.

## PARTIES

5. Plaintiff is and, at all relevant times, has been a resident of Minnesota.

6. NPG Records Inc. ("NPG Records") is a Minnesota corporation with offices at 3551 Hamlin Rd., 4th fl. E – MC2393, Auburn Hills, Michigan, 48326 and a registered office address at 1010 Dale St. N. Saint Paul, MN, 55117. NPG Records is owned and/or controlled by the Prince Estate.

7. NPG Music Publishing, LLC ("NPG Publishing") is a California limited liability company with offices at 3551 Hamlin Rd., 4th fl. E – MC2393, Auburn Hills, Michigan, 48326 and a registered office address at 1010 Dale St. N., Saint Paul, MN, 55117. NPG Publishing is owned and/or controlled by the Prince Estate.

8. Paisley Park Enterprises, Inc. ("Paisley Park") is a Minnesota corporation with offices at 7801 Audubon Road, Chanhassen, MN., 55317 and is a wholly owned subsidiary of the Prince Estate.

9. P Park Management LLC ("P Park") is a Minnesota company with offices at 3734 Elvis Presley Blvd. Memphis, TN, 38116-3811 and a registered office at 11575 E. Laketowne Dr., Albertville, MN, 55301.

10. Comerica Bank and Trust, N.A. ("Comerica") is the court-appointed Personal Representative of the Estate of Prince Rogers Nelson (the "Prince Estate" or "Estate."). Prince was domiciled in Minnesota and the Estate administration is in Minnesota.

## VENUE AND JURISDICTION

11. This is an action for injunctive relief and damages arising under the Copyright Act, 17 U.S.C. §§ 101 et seq., (the "Copyright Act").

12. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) in that the claims arise under the laws of the United States concerning copyrights.

13. This Court has personal jurisdiction over Defendants because: (i) NPG Records, Paisley Park, P Park and the Estate are Minnesota entities; (ii) Comerica has consented to jurisdiction pursuant to Minn. Stat. 524.3-602; (iii) NPG Publishing is registered as a foreign company under Minn. Stat. § 322 and has appointed an agent for service of process; (iv) Defendants have transacted business and/or used personal property within the State that is the subject of this dispute; and (v) the claims arise from Defendants' contact with Plaintiff who is domiciled in this State.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) (2) because Defendants reside in the District and/or are subject to personal jurisdiction

within the district; and a substantial part of the events giving rise to this suit have occurred in this District.

## GENERAL ALLEGATIONS

15.     Ms. Dube is the creator and owns all right, title and interest, and the copyrights and registrations thereof, in certain photographs taken in 2013 - 2016 at the request of Prince as reflected by the following registrations: VAu001287725, VAu001287728, VAu001257214, and VA0002105282 (the "Dube Photographs").

16.     Ms. Dube received compensation for her time and materials in taking the Dube Photographs.  Ms. Dube did not agree to, nor was she ever asked by Prince to assign the rights to the Dube Photographs to Prince or any other person or entity. Ms. Dube never entered into a licensing agreement with Prince or any affiliated entity regarding her photographs.

17.     During the 2013-2016 time period, prior to Prince's death, a selection of the Dube photographs were used by Prince upon consultation with and authorization by Ms. Dube.  Often Ms. Dube was responsible for editing, altering and overseeing the creative in which the photographs were used.

18.     For example, Ms. Dube was art director for the CD booklet for Prince's PLECTRUMELETRUM album in 2014, and also created derivatives of several of her photographs for the booklet.   Ms. Dube was credited on the CD booklet for her photographs and artistic direction.

**Defendants' Infringement of Ms. Dube's Copyright**

19.     On or around, November 22, 2016, NPG Records released the Prince4Ever CD, a compilation album of Prince's prior work and the first posthumous release of music.  The CD booklet for the album contained a black and white cropped derivative of an iconic photograph taken by Ms. Dube of Prince staring into the camera and holding his gold guitar ("Prince - Gold Guitar" photo).  Exhibit A is a copy of the Prince - Gold Guitar photo.  Exhibit B is a copy of the photo from that CD booklet and the credit page acknowledging that this was Ms. Dube's work.

20.     NPG Records did not obtain any authorization or release from Ms. Dube to use the black and white cropped derivative of the Prince - Gold Guitar photo in the Prince4Ever CD book.

21.     The Prince - Gold Guitar photo is registered with the Copyright Office under the registration VA0002105282.

22.     On or around February 13, 2017, Trevor Guy, an agent or employee of the Estate and the other Defendants, emailed Ms. Dube, to request permission to use the Prince - Gold Guitar photo in a photo book that would be sold at Paisley Park and on the Paisley Park website.  Mr. Guy indicated that he needed a response by the next day as to whether she approved, because he was meeting with legal

tomorrow and "would like to give them clearance."  Mr. Guy attached a copy of the Prince - Gold Guitar photo to his email.

23. Ms. Dube did not respond to Mr. Guy and did not approve the Estate or any Defendants' use of the Gold Guitar photo.

24. Without her consent, and upon information and belief, one or more Defendants had already authorized and/or licensed Clear Channel and other marketers to create advertising and promotions using the Prince - Gold Guitar photo. Exhibit C are examples of such advertising and promotion - a Clear Channel digital billboard advertising for Paisley Park in Minneapolis using the Prince - Gold Guitar photo, seen on or around November 26, 2016; and a display in the Mall of America, which was used to advertise ticket sales for Paisley Park seen in January, 2017.

25. Moreover, beginning on or around March 31, 2017, and without Ms. Dube's consent, the Estate, and upon information and belief, Paisley Park and/or P Park, began to create social media and other advertising for Paisley Park using the Prince - Gold Guitar photo.  The Paisley Park advertising included advertisements on social media sites.  Examples of Facebook posts and other advertising are attached at Exhibit D.  At the time of this filing, the Facebook posts are still available on the social media site at: https://www.facebook.com/officialpaisleypark/posts/1247391642041916 and https://www.facebook.com/officialpaisleypark/posts/1264927770288303.

26. The same photo also was used, without Ms. Dube's consent, for Internet advertisement and promotion of Prince's music. Attached as Exhibit E is a copy of one example of an advertisement by Warner Brothers using a cropped black and white derivative of the Prince - Gold Guitar photo to promote the availability of Prince's music on digital steaming sites such as Apple Music, Google Play, Spotify, Amazon MP3, and Pandora. Upon information and belief, one or more of the Defendants licensed or authorized use of this photo by Warner Brothers in commercial promotion and advertising without the consent of Ms. Dube.

27. In and around May, 2017, Ms. Dube became aware that Paisley Park, P Park, and the Estate, had proceeded to publish the Prince – Gold Guitar photo, without her authorization, in photography books available at Paisley Park and online, despite seeking and failing to obtain her approval. Attached as Exhibit F is a copy of the photo in one such photography book with a credit page acknowledging the use of Ms. Dube's work.

28. Upon information and belief, Defendants are also using one or more of the Dube Photographs on books, posters and other merchandise without her authorization or consent.

29. Upon information and belief, Defendants are displaying, copying and publishing additional Dube Photographs, without her authorization or consent.

30. Before Defendants' widespread and commercialized use of the Gold Guitar photo, Ms. Dube, prior to Prince's death, had only authorized limited use of this image, including for the PLECTRUMELECTRUM CD booklet that she designed and for a series of photos in a limited edition release – 1000 copies – of Mojo Magazine and related promotion.

31. Since Prince's death, Ms. Dube has not authorized the display, publication, reproduction or distribution of any of the Dube Photographs by Defendants.

### Defendant's Willful Infringement of Ms. Dube's Photographs

32. Defendants were fully aware that Ms. Dube was the creator of the Dube Photographs, as evidenced by the fact that she was credited in both the Prince4Ever CD and the Paisley Park photography books for the photos used by the Estate. Upon information and belief, she is not credited in the online, billboard, or mobile advertising or merchandising use by Defendants of the Prince-Gold Guitar or any other Dube Photograph that has been used by Defendants.

33. The Estate, on more than one occasion since Prince's death, has sought Ms. Dube's consent and/or release in order to use her photography, which she did not give.

34. For instance, on or around October 2016, prior to the release of the Prince4Ever CD, Mr. Guy approached Ms. Dube under the guise that the Estate was

seeking someone to photograph Paisley Park. Mr. Guy then presented Ms. Dube with a Non-Disclosure Agreement ("NDA") that included a release of any claim to her works past and present. Ms. Dube refused to sign the NDA and release.

35. As discussed *supra*, Defendants previously and unsuccessfully attempted to obtain her authorization to use the Gold Guitar photo, and having failed, knowingly proceeded to continue to use the photo extensively and without her consent.

36. In July of 2017, Mr. Guy, via email, introduced Ms. Dube to the Estate's administrators directly to speak with her regarding "[her] work and past agreements around it."

37. Shortly thereafter, Ms. Dube, through counsel, contacted the Estate to discuss the ongoing infringing use of Ms. Dube's photographs by Defendants. Upon information and belief, the Estate was not responsive.

38. In or around June, 2019, Duane Tudahl, Senior Researcher for Prince Archives and an agent of the Estate and one or more of the other Defendants, emailed Ms. Dube, requesting that Ms. Dube provide high quality digital copies of all her photographs of Prince from 2013-2014 for the Archives.

39. Ms. Dube, through counsel, then, sent a letter to the Estate, to attempt to resolve the ongoing infringing use of one or more of the Dube Photographs by Defendants. The Estate claimed the right to use any of the Dube Photographs

without Ms. Dube's authorization. An attempt to reach a resolution failed and resulted in the Estate threatening Ms. Dube with a subpoena if she did not provide the Estate with copies of unreleased photographs that she took of Prince from 2016, as well as copies of her correspondence with Prince.

40. Upon information and belief, Defendants have and are continuing to publish, display, and copy many of the Dube Photographs without Ms. Dube's authorization and consent.

41. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiff, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## FIRST CAUSE OF ACTION:

### (Copyright Infringement)

42. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 41 as if fully set forth herein.

43. This claim is brought pursuant to the United States Copyright Act, 17 U.S.C. §101, *et seq*.

44. Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the above-referenced copyrights.

45. Pursuant to 17 U.S.C. § 501, "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author, as the case may be."

46. By their actions as herein alleged, Defendants have violated, and continue to violate, Plaintiff's exclusive rights as the creator and owner of the Dube Photographs through Defendants' display, distribution and/or use of one or more of the Dube Photographs in publications, advertising, merchandising and promotion, without authority by Plaintiff.

47. The foregoing use of the Dube Photographs by Defendants were not authorized, permitted, licensed, or consented to by Plaintiff.

48. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights.

49. Defendants' infringement has damaged Plaintiff and such damage shall continue unless and until enjoined by this Court.

50. As a direct and proximate cause of Defendant's infringement of Plaintiff's copyrights and exclusive rights under said copyrights, Plaintiff is entitled

to recover from Defendant actual damages and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement pursuant to 17 U.S.C. § 504(b).  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

51. Alternatively, Plaintiff is entitled to an award of statutory damages in an amount of $150,000 per work due to Defendants' willful infringement, pursuant to 17 U.S.C. § 504(c).

52. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

**(Declaratory Relief)**

53. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 52 as if fully set forth herein.

54. A present and actual controversy now exists between Plaintiff, on the one hand, and Defendants, on the other, as to whether Defendants have the right to display, reproduce, distribute and/or use the Dube Photographs.

55. A judicial determination is necessary and appropriate at this time under the circumstances in order to resolve the parties' rights, duties and obligations arising out of the current dispute.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Dube prays that the Court declare or find that:

(1)     Plaintiff is the creator and owner of all right, title and interest in the Dube Photographs;

(2)     Defendants be adjudged to have infringed upon Plaintiff's copyrights in one or more of the Dube Photographs in violation of 17 U.S.C. §§ 106 & 501;

(3)     Defendants, their agents, servants, employees, suppliers and manufacturers and all persons acting under their direction, control, permission or authority, or in active concert or privity therewith who receive notice hereof, be enjoined and restrained permanently from any use and infringement, in any manner, of the Dube Photographs, pursuant to 17 U.S.C. §502, including but not limited to the cancellation of any and all unauthorized licensing agreements entered into by Defendants based upon one or more of the Dube Photographs;

(4)     Plaintiff be awarded Plaintiff's actual damages according to proof, and any profits, gains or advantages of any kind attributable to infringement of Plaintiff's copyrights in accordance with proof; or in the alternative that Defendants be ordered to pay statutory damages in the amount of $150,000 per work pursuant to 17 U.S.C. §504(c);

(5)     Defendants be required to account for all gains and profits derived by Defendants by infringement of Plaintiff's copyright;

(6)  Defendants be ordered to pay costs and attorneys' fees pursuant to 17 U.S.C. §505; and

(7)  Plaintiff be awarded such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure on all claims and issues so triable.

Dated:  November 22, 2019           /s/ Dara D. Mann
                                    Dara D. Mann
                                    Minnesota Bar #265585
                                    SQUIRE PATTON BOGGS (US) LLP
                                    1230 Peachtree St NE, Suite 1700
                                    Atlanta, GA 30309
                                    Tel:  +1 678 272 3200
                                    Fax:  +1 678 272 3211
                                    dara.mann@squirepb.com

                                    Corrine A. Irish (pro hac vice application pending)
                                    SQUIRE PATTON BOGGS (US) LLP
                                    30 Rockefeller Plaza, 23fl
                                    New York, New York  10112
                                    Tel.:  +1 212 872 9800
                                    Fax:  +1 212 872 9815
                                    corrine.irish@squirepb.com

                                    Bryan Sims (pro hac vice application pending)
                                    SQUIRE PATTON BOGGS (US) LLP
                                    2550 M Street NW
                                    Washington DC 20037
                                    Tel.:  +1 202 457 6000
                                    Fax:  +1 202 457 6315
                                    bryansims@squirepb.com

                                    *Attorneys for Plaintiff*